THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ ROSARIO GELPÍ and JOSÉ RAFAEL GELPÍ, Defendants and Appellants.

No. 45. Argued November 27, 1939.—Decided December 8, 1939.

*Gelpí & Gelpí,* for appellants. *E. Díaz Viera,* District Attorney of Mayagüez, for the lower court.

Mr. Justice De Jesús delivered the opinion of the Court.

The petitioners were tried and convicted of contempt as a result of certain manifestations that they made in a certain motion presented to the lower court praying for the removal of the case of *Neftalí Vidal Garrastazú* and *Juana Garrastazú* v. *Juan A. Monagas et als.*, Civil No. 783. The title and first paragraph of the rule to show cause were as follows:

"In the District Court of the Judicial District of Mayagüez. The People of Puerto Rico *v.* José Rosario Gelpí and José Rafael Gelpí. Contempt. Order. Whereas in the case had before this court by the plaintiffs Neftalí Vidal Garrastazú and Juana Garrastazú v. Juan A. Monagas, Heirs of Ramón E. Beauchamps, Heirs of Rosario de la Rosa and Heirs of José Arturo Monagas Cedó, Civil No. 783 for nullity, a motion has been filed by the firm of attorneys, Gelpí & Gelpí, representing the complainants, composed of the attorneys José Rosario Gelpí and José Rafael Gelpí, as plaintiffs' attorneys *in said case*, which copied literally reads as follows: . . ."

The defendants appealed from the sentence for contempt and the stenographer, in preparing the transcript of the record, which was certified by the acting clerk of the District Court of Mayagüez, when copying the order referred to, which was the first document in the record, stated its title as follows:

"In the District Court of the Judicial District of Mayagüez, P. R. —Neftalí Vidal Garrastazú and Juana Garrastazú, Plaintiffs, v. Juan A. Monagas, Heirs of Ramón E. Beauchamps, Heirs of Rosario de la Rosa and Heirs of José Arturo Monagas and Cedó, Defendants, Civil No. 783, for nullity, etc.—The People of Puerto Rico v. José Rosario Gelpí and José Rafael Gelpí, Proceedings for Contempt."

When the stenographer prepared the transcript of the evidence he omitted a certain document consisting in charges preferred against the judge, which the petitioners allege they offered in evidence but was rejected by the court.

After the court had refused to strike from the title of the rule to show cause everything relating to Civil case No.

783 and after it had refused to order the aforesaid document included in the transcript of the evidence prepared by the stenographer, the petitioners filed there proceedings invoking, Section 298 of the Code of Criminal Procedure and praying that the judge of the court *a quo* be ordered to issue the corresponding order for the striking and inclusion respectively as requested by the petitioners.

From the first paragraph of the rule to show cause it appears affirmatively that it was in Civil suit No. 783 that the motion which the court thought a contempt was filed. Therefore, the contempt was an incident in Civil suit No. 783 and the fact that when the rule to show cause was issued the name of the parties, number of the case and nature of the case of suit No. 783, were omitted, can in no way affect the rights of the petitioners, since aside from the fact that the title does not determine the nature of the proceedings, it is a fact, that the rule to show cause was issued as an incident in the said suit No. 783 and that in said paragraph the matter which petitioners want struck is included. Therefore, the substantial rights of petitioners are in no wise prejudiced by the stenographer adjusting the record to the truth by adding the title of suit No. 783.

Therefore, the prayer for the striking of certain matter is denied.

Let us now consider the second question raised by the petitioners which refers to the inclusion of the document or charges in the transcript of the evidence. It appears that when the hearing for contempt was held, the petitioners raised various questions of law, among which was a motion requesting that the rule to show cause be removed to another court for reasons similar to those on which the removal of the principal suit had been requested, (Civil suit No. 783.) The following incident then took place.

"Judge:

"In order to decide this motion for removal which as one of the defendants now explains is based on personal enmity against the judge

of the court, the judge presiding over this court emphatically states that even if the defendants' attorneys be personal and irreconcilable enemies of the judge of this court he does not return that enmity because there is really no basis for it.

"The judge who was defendant cannot take the charges preferred by the defendant José Rosario Gelpí, into account, because those charges were investigated and if they proved anything it was the honorability of this court and of the judge who presides.

"The court believes also that even on the hypothesis that this judge were the enemy of the defendant attorneys, which he is not, if he felt that he was their enemy, he would be incapable of hearing this case, but even in that hypothesis, the judge of this court, upheld by the law, understands that he is the best prepared person to hear the charges preferred against the defendants. For this reason the motion for removal is denied.

"Attorney José Rosario Gelpí:

"We are going to request that Your Honor strike all your words from the record because they are not evidence and were not made under oath.

"Judge:

"The court is not under the obligation of making its dec'sions under oath, but as it thinks it ought to decide.

"Attorney José Rosario Gelpí:

"We respectfully take exception to the decision of the court because we are ready to offer evidence to uphold our motion.

"Judge:

"The court states that *it will not admit any evidence whatsoever in regard to the motion for removal* of the contempt, because it understands that the accused have not been summoned for the holding of a trial but to state whatever legal reasons they may have not to be punished for contempt.

"Attorney José Rosario Gelpí:

"We take exception to the last ruling of the court because in any criminal proceeding, and this is a criminal proceeding, which carries a penalty according to law, and the accused have been deprived of a constitutional right of presenting evidence to show the enmity of the judge of the court and the accused; and because all the manifestations made by the court are merely manifestations and not evidence to be considered in case the Supreme Court has to consider all the questions. We wish to offer or to have it appear in the record that we were going to offer in evidence proof of the enmity, in the

first place a copy of the charges preferred against Your Honor, which we are going to present if Your Honor permits it:

"Judge:

"You may present anything you wish. The court will decide whether it is acceptable or not since it has already decided that it will not accept evidence in regard to the motion for removal.

"Attorney José Rosario Gelpí:

"*We are going to present and wish to have in the records. . . .*

"District Attorney:

"I object because that is not for the record.

"Judge:

"The stenographers will not take that offer of evidence because the court has decided it will no accept evidence.

"Attorney José Rosario Gelpí:

"We take exception to the decision of the court, of that fact, of depriving us of explaining the evidence that we were going to offer, not only documentary evidence but also testimony of witnesses to uphold the motion for removal.

"Judge:

"The colleagues already have in the record the statement of the court as to the charges preferred by the colleague José Rosario Gelpí and that those charges resulted in proving the honorability of this court. The colleagues may take an exception.

"Attorney José Rosario Gelpí:

We take exception to the decision of the court, of that fact, of evidence; and we also take exception to the statement of the court 'the colleagues may take an exception', because we consider that said statement prejudges the question raised by the manner and form in which it has been made.

"Judge:

"Any other question?

"Attorney José Rosario Gelpí:

"Yes, we have others." (Italics supplied.)

It is true that on page 29 of the transcript of the evidence the petitioners appear saying: "We are going to present and wish to have it appear in the record that we were going to present in evidence, etc."; but it is also true that immediately after the ruling of the court which follows the statements of the two petitioners that we have just copied, they offered and stated that they wished said evidence to appear

**730**

in the record, which the court at the instance of the District Attorney refused to do by the following ruling: "The stenographers will not take that offer of evidence because the court has decided it will not accept evidence."

A court of justice has no authority to stop a litigant from offering any evidence he thinks relevant. If the court believes the evidence is not admissible for any legal reason its duty is to deny the admission of that evidence, but it cannot stop the stenographer from taking note of the evidence offered so that this Court when appealed to may determine whether or not the denial of the lower court was correct and if the prejudice suffered by the appellant justifies a reversal.

In this case the definite ruling of the court justified the petitioners in not insisting that the stenographers note in the record that the document was marked as "evidence offered but not accepted". Nevertheless, from the certificate of the clerk of the lower court and the sworn testimony of the assistant clerk of the same court who was acting at the hearing of the case, said document remained in the possession of the acting clerk and was marked by him in the following manner: "Case of *People* v. *José Rosario Gelpí, et al.,* for Contempt. Exhibit 1 of the defense. (Admission denied by the court)". See exhibits "D" and "E" of the petitioners at the end of this case No. 45.

See the case of *People* v. *Barquet et al.,* 18 P.R.R. 465, where referring to the case of *People* v. *Cox,* 76 Cal. 281, the following was said:

"In the case of People v. Cox, 76 Cal. 281, it was decided that if the judge should refuse to insert what was actually said the remedy is to apply to the Supreme Court for leave to prove an exception which the judge below refused to settle according to the facts, as provided by section 1174 of the Penal Code."

Since the transcript of the evidence, as it has been approved by the lower court and sent to this Court, does not state the exact truth of the evidence offered before it, we must order that the clerk of the lower court certify and

send to this Court a copy of the aforesaid evidence marked by him "Exhibit 1 of the defense" to be attached and made to form part of the transcript of the evidence in Civil suit No. 8009 pending before this Court.